UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CHARLES TUBBINS,

                                        Plaintiff,                        **REPORT**
                                                                          **and**
                      v.                                                  **RECOMMENDATION**
                                                                          ------------------------------
PATRICIA WREST, Individually and in her                                   **DECISION**
  Official Capacity as a Police Officer of the                            **and**
  Buffalo Police Department,                                              **ORDER**
SCOTT R. MALEC, Individually and in his
  Official Capacity as a Police Officer of the                            **14-CV-00409A(F)**
  Buffalo Police Department,
BUFFALO POLICE DEPARTMENT, and
THE CITY OF BUFFALO,

                                        Defendants.
_____

APPEARANCES:          LAW OFFICE OF WAYNE C. FELLE, P.C.
                      Attorneys for Plaintiff
                      WAYNE C. FELLE, and
                      ELIZABETH A. BRUCE, of Counsel
                      6024 Main Street
                      Williamsville, New York  14221

                      TIMOTHY ALFRED BALL
                      CORPORATION COUNSEL, CITY OF BUFFALO
                      Attorney for Defendants
                      ROBERT EMMET QUINN, and
                      DAVID M. LEE,  Assistant Corporation Counsel, of Counsel
                      City of Buffalo, Department of Law
                      65 Niagara Square
                      Buffalo, New York  14202

## JURISDICTION

    This case was referred to the undersigned on June 4, 2014,  by Honorable

Richard J. Arcara for all pretrial matters including preparation of a report and

recommendation on dispositive motions.  The matter is presently before the court on

Defendants' motion for summary judgment (Dkt. 19), filed February 27, 2016, and

Plaintiff's motion for discovery (Dkt. 22), filed April 13, 2016.[1]

## BACKGROUND

On April 25, 2014, Plaintiff Charles Tubbins ("Plaintiff" or "Tubbins"), filed in New

York Supreme Court, Erie County, a complaint (Dkt. 1 at 8-20) ("Complaint"), alleging,

pursuant to 42 U.S.C. § 1983 ("§ 1983"), Defendants City of Buffalo, New York

("Buffalo" or "the City"), Buffalo Department of Police ("the Police" or "Buffalo Police"),

Buffalo Police Officer Patricia Wrest ("Wrest"), and Buffalo Police Officer Scott R. Malec

("Malec"), violated Plaintiff's civil rights in connection with the arrest and detention of

Plaintiff on an indictment for a murder for which Plaintiff was later exonerated by DNA

evidence.  Plaintiff asserts seven claims for relief including (1) unspecified constitutional

violations against "the individual unnamed police officer defendants," Complaint ¶¶ 30-

31 ("First Claim"); (2) violations of § 1983 against the City and the Police, *id.* ¶¶ 32-38

("Second Claim"); (3) false arrest and imprisonment against Defendants, *id.* ¶¶ 46-52

("Third Claim"); (4) negligent hiring, training and retention against the City and the

Police, *id.* ¶¶ 53-63 ("Fourth Claim"); (5) intentional infliction of emotional distress

against Defendants, *id.* ¶¶ 64-68 ("Fifth Claim"); (6) malicious prosecution and abuse of

process against Defendants, *id.* ¶¶ 69-73 ("Sixth Claim"); and (7) libel and slander

against Defendants, *id.* ¶¶ 74-85 ("Seventh Claim").  On May 29, 2014, Defendants

removed the action to this court asserting federal question jurisdiction pursuant to 28

U.S.C. § 1331.  The September 10, 2014 Scheduling Order (Dkt. 10) ("Scheduling

---

[1] Although Defendants' summary judgment motion is dispositive, whereas Plaintiff's discovery motion is nondispositive, the court addresses them in this combined Report and Recommendation/Decision and Order in the interest of judicial economy.

Order"), set August 5, 2015 as the deadline for motions to compel, August 31, 2015 as the discovery deadline, and February 29, 2016 as the dispositive motion deadline. Despite the August 31, 2015 discovery cut-off, Defendants Malec and Wrest were not deposed until January 7, 2016.

On February 27, 2016, Defendants filed the instant motion for summary judgment (Dkt. 19) ("Defendants' motion"), attaching in support the Declaration of Buffalo Assistant Corporation Counsel David M. Lee (Dkt. 19-1) ("Lee Declaration"), exhibits A through D (Dkts. 19-2 through 19-5) ("Defendants' Exh(s). __"), the Statement of Material Facts (Dkt. 19-6) ("Defendants' Statement of Facts"), and the Memorandum of Law (Dkt. 19-7) ("Defendants' Memorandum").  On March 30, 2016, Plaintiff filed Plaintiff's Opposition Statement Pursuant to Rule 56(A)(2) (Dkt. 22) ("Plaintiff's Opposing Statement of Facts"), Plaintiff's Memorandum of Law in Opposition to Defendants' Motion for Summary Judgment (Dkt. 22-1) ("Plaintiff's Memorandum"), the Declaration of Wayne C. Felle, Esq. (Dkt. 22-2) ("Felle Declaration"), and exhibits A through E (Dkts. 22-4 through 22-8) ("Plaintiff's Exh(s). __").

On March 21, 2016, in a companion action filed by Plaintiff alleging malicious prosecution against Erie County District Attorney Office, Erie County District Attorney Frank Sedita, and Assistant Erie County District Attorney Gary Hackbush ("County Defendants"), 14-CV-00403F, *Tubbins v. Hackbush*, ("the County Action"), Plaintiff moved pursuant to Fed.R.Civ.P. 56(d) to compel discovery to enable Plaintiff to oppose a summary judgment motion filed by the County Defendants in the County Action, ("Motion to Compel").[2]  Although the Motion to Compel was not filed in the instant

---

[2] Plaintiff's motion to compel filed in the County Action, County Action Dkt. 24, is not accompanied by an actual notice of motion but only by papers supporting such motion.  *See* County Action Text Order

action, Plaintiff listed Defendants in the instant action as well as County Defendants in the Motion to Compel's caption, and served a copy of the Motion to Compel on Defendants in this action, to which Defendants, on April 13, 2016, filed in response the Memorandum of Law (Dkt. 23) ("Defendants' Response"), and the Declaration of Assistant Corporation Counsel David M. Lee (Dkt. 23-1) ("Lee Response Declaration"). In further support of summary judgment, Defendants also filed on April 13, 2016, the Reply Memorandum (Doc. No. 24) ("Defendants' Reply").  Oral argument was deemed unnecessary.

Based on the following, Defendants' motion should be GRANTED; Plaintiff's motion is DENIED.

## **FACTS**[3]

On November 10, 2012, Rashiene Carson ("the victim"), seated in the rear, passenger-side seat, was a passenger in a vehicle ("the vehicle") that was stopped outside the Getty Gas Station & Convenience Store ("the store"), at 595 Ontario Street, in Buffalo, New York.  The store's security video camera captured images ("the security video"), at 12:47 A.M. showing someone using his bare hand to operate the door handle ("the door handle") to open the vehicle's rear passenger-side door and shoot the victim before fleeing on foot.  The victim exited the vehicle from the rear passenger-side seat, stumbled toward the store and collapsed and died on the sidewalk in front of the store ("the shooting" or "the homicide").  In investigating the crime scene, Buffalo Police Department ("the police") Crime Scene Unit ("CSU") Detective Christopher Gerace

---

entered March 29, 2016 (Dkt. 25) (recognizing that Plaintiff, by papers filed March 21, 2016, moved for discovery pursuant to Fed.R.Civ.P. 56(d)).
[3] Taken from the pleadings and motion papers filed in this action.

("Gerace"), swabbed the door handle, obtaining a DNA sample that was submitted to the Erie County Central Police Services ("CPS") Forensic Lab ("the Lab") for analysis on November 14, 2012.

On November 12, 2012,[4] Buffalo Police homicide detectives, Defendants Scott Malec ("Malec"), and Patricia Wrest ("Wrest"), approached Tibbins at the North Buffalo Community Center, requesting Tubbins accompany the detectives to the Buffalo Police Department's Homicide Bureau ("Homicide Bureau") for questioning. Tubbins agreed, and was questioned for several hours by Malec and Wrest. During the interrogation, Plaintiff gave an alibi consisting of inconsistent statements. Malec Dep. Tr.[5] at 34.

On November 13, 14, and 15, 2012, prior to obtaining the results of the DNA sample and fingerprint anayses, Malec, based on the security video, located and interviewed three eyewitnesses to the shooting who identified Plaintiff from a photo array as the shooter. Malec Dep. Tr. at 37-39, 50-53; Wrest Dep. Tr.[6] at 48. Plaintiff's girlfriend, who was also interviewed, denied being with Plaintiff at the time of the homicide, and also identified Plaintiff as the shooter depicted in the security video. Malec Dep. Tr. at 51-53; Wrest Dep. Tr. at 48-49.

The homicide case was assigned for prosecution to Assistant Erie County District Attorney ("ADA") Gary Hackbush ("Hackbush"), who evaluated the police evidence, watched the surveillance video, and prepared a case review ("Case Review"), summarizing his analysis. Hackbush Dep. Tr.[7] at 23-25, 43-44. Hackbush submitted the Case Review to Assistant Erie County District Attorney Homicide Chief James

---

[4] The date of the interview is also noted in the record as November 17, 2012.
[5] References to "Malec Dep. Tr." are to the pages of the deposition of Malec, filed as Defendants' Exh. C.
[6] References to "Wrest Dep. Tr." are to the pages of the deposition of Wrest, filed as Defendants' Exh. D.
[7] References to "Hackbush Dep. Tr." are to the pages of the deposition of Hackbush, taken by Plaintiff in connection with the County Action, and filed in this action as Defendants' Exh. B.

Bargnesi ("Bargnesi"), and then Erie County District Attorney Frank Sedita ("Sedita"), for review.  *Id*. at 25, 29, 82.  After reviewing the Case Review, Sedita instructed Hackbush to present the matter to a grand jury, which returned an indictment ("the Indictment") against Tubbins for whom an arrest warrant was issued.  *Id*. at 82.  On November 29, 2012, while with some friends at a local bowling alley, Tubbins was arrested by Malec and Wrest for the homicide, and detained at the Erie County Holding Center ("the Holding Center").

On January 22, 2013, the completed CPS Lab's DNA analysis excluded Plaintiff as the source of the DNA sample taken from the vehicle's door handle.  On February 5, 2013, the search results of the local Convicted Offender DNA Index System ("CODIS") database showed a match between the DNA sample and a defendant in an unrelated criminal action involving four codefendants, prosecuted by ADA Christopher Jurusik ("ADA Jurisik") ("Jurusik's case").  Hackbush Dep. Tr. at 72.  One of the four codefendants in Jurusik's case, Ahkeem Huffman ("Huffman"), resembled the person depicted in the security video, and also "bore a striking similarity" to Tubbins, and Hackbush asked Jurusik to abtain from Huffman a buccal swab DNA sample, which Hackbush then had the Lab compare to the DNA sample taken from the door handle.  *Id*. at 72-74.  On February 5, 2013, Hackbush received confirmation from the Lab that Huffman's DNA was on the door handle as well as on the gun used in Jurusik's case.  *Id*. at 73.  On February 8, 2013, Plaintiff, who remained at the Holding Center, was granted bail and released on February 9, 2013.  In May 2013, Huffman confessed to the homicide for which Huffman was indicted on June 25, 2013.  The Indictment was dismissed on July 18, 2013.  This action followed.

## DISCUSSION

Preliminarily, the court addresses Plaintiff's motion pursuant to Fed.R.Civ.P. 56(d) ("Rule 56(d)") seeking discovery to oppose summary judgment.  In opposition to summary judgment, Plaintiff moves for discovery pursuant to Rule 56(d), asserting that without affording Plaintiff discovery, Defendants' motion is premature.  Plaintiff's Motion to Compel at 3-4.  In opposition, Defendants maintain that Plaintiff, in moving to compel, has failed to comply with the requirements of Fed.R.Civ.P. 56(d).  Defendants' Response at 2.  Defendants argue both the August 31, 2015 discovery cut-off and the August 5, 2015 deadline for moving to compel had long expired prior to Plaintiff's filing of his motion to compel, and that despite such deadlines, Defendants already agreed to produce both Malec and Wrest for deposition after the close of discovery, and Plaintiff did not assert any need for additional discovery until after Defendants' pending summary judgment motion was filed.  Defendants' Response at 3; Lee Response Declaration ¶¶ 5-8.  Although Plaintiff verbally requested to depose Buffalo Police Detective Gerace, and Defendants did not object to such deposition given that scheduling conflicts had delayed the depositions of Malec and Wrest, Plaintiff never actually scheduled Gerace's deposition.  Defendants' Response at 3; Lee Response Declaration ¶¶ 8-9.  Plaintiff has not argued in further support of the motion.

Rule 56 provides, in pertinent part, that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may . . . allow time to obtain affidavits or declarations or to take discovery . . . ."  Fed.R.Civ.P. 56(d)(2).  A Rule 56(d) affidavit however, must "include

the nature of the uncompleted discovery; how the facts sought are reasonably expected to create a genuine issue of material fact; what efforts the affiant has made to obtain those facts; and why those efforts were unsuccessful." *Paddington Partners v. Bouchard*, 34 F.3d 1132, 1138 (2d Cir. 1994) (citing cases).   In the instant case, not only has Plaintiff not filed the motion to compel in this action, but in filing the motion to compel in the County Action, Plaintiff failed to submit the required affidavit in support of his motion, and it is not apparent from the papers why Plaintiff was unable to obtain the information he now seeks within the time set by the court for discovery.

Accordingly, Plaintiff's motion is DENIED.

As for Defendants' motion seeking summary judgment, summary judgment of a claim or defense will be granted when a moving party demonstrates that there are no genuine issues as to any material fact and that a moving party is entitled to judgment as a matter of law.   Fed. R. Civ. P. 56(a) and (b); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250-51 (1986); *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003).   The court is required to construe the evidence in the light most favorable to the non-moving party.   *Collazo v. Pagano*, 656 F.3d 131, 134 (2d Cir. 2011).   The party moving for summary judgment bears the burden of establishing the nonexistence of any genuine issue of material fact and if there is any evidence in the record based upon any source from which a reasonable inference in the non-moving party's favor may be drawn, a moving party cannot obtain a summary judgment.   *Celotex*, 477 U.S. at 322; *see Anderson*, 477 U.S. at 247-48 ("summary judgment will not lie if the dispute about a material fact is "genuine," that is, if the evidence is such that a reasonable jury could return a verdict for

the nonmoving party").  "A fact is material if it 'might affect the outcome of the suit under governing law.'"  *Roe v. City of Waterbury*, 542 F.3d 31, 35 (2d Cir. 2008) (quoting *Anderson*, 477 U.S. at 248).

"[T]he evidentiary burdens that the respective parties will bear at trial guide district courts in their determination of summary judgment motions."  *Brady v. Town of Colchester*, 863 F.2d 205, 211 (2d Cir. 1988)).  A defendant is entitled to summary judgment where "'the plaintiff has failed to come forth with evidence sufficient to permit a reasonable juror to return a verdict in his or her favor on'" an essential element of a claim on which the plaintiff bears the burden of proof.  *In re Omnicom Group, Inc., Sec. Litig.*, 597 F.3d 501, 509 (2d Cir. 2010) (quoting *Burke v. Jacoby*, 981 F.2d 1372, 1379 (2d Cir. 1992)).  Once a party moving for summary judgment has made a properly supported showing of the absence of any genuine issue as to all material facts, the nonmoving party must, to defeat summary judgment, come forward with evidence that would be sufficient to support a jury verdict in its favor.  *Goenaga v. March of Dimes Birth Defects Foundation*, 51 F.3d 14, 18 (2d Cir. 1995).  "[F]actual issues created solely by an affidavit crafted to oppose a summary judgment motion are not 'genuine' issues for trial."  *Hayes v. New York City Dept. of Corrections*, 84 F.3d 614, 619 (2d Cir. 1996).

In support of summary judgment, Defendants argue that because Defendants had probable cause to arrest Plaintiff, as established by the Indictment, the federal and state law claims asserted against Defendants Malec and Wrest ("Individual Defendants"), for false arrest, false imprisonment, malicious prosecution, and abuse of process are barred.  Defendants' Memorandum at 2-7.  According to Defendants,

Plaintiff's Second Claim is barred as against the Buffalo Police because the Police do not have an identity separate from The City and cannot be sued, Defendants' Memorandum at 7, and as against the City of Buffalo because municipalities are not subject to liability under § 1983 based on respondeat superior resulting in a violation of Plaintiff's civil rights, a factor absent in the instant case.  *Id.* at 7-8   Defendants further maintain the court should decline to exercise supplemental jurisdiction over the state law claims, *id.* at 8-9, and Plaintiff's claims for negligent hiring, training, and retention, intentional infliction of emotional distress, and libel and slander are also barred by the probable cause supporting the arrest.  *Id.* at 9-10.  Plaintiff argues summary judgment should be denied because the undisputed fact that Plaintiff was wrongfully arrested and detained for the homicide which he did not commit establishes there exists a genuine issue of material fact as to whether such arrest and detention were the result of (1) a policy or procedure of the Buffalo Police manifesting reckless indifference to the constitutional rights of individuals, including Plaintiff, (2) improper hiring, training, and supervision by the Buffalo Police detectives with regard to proper investigative procedures, or (3) a culture within the Buffalo Police promoting reckless indifference to the rights of individuals, including Plaintiff, by promoting and favoring quick arrests over more thorough investigation and analysis of the evidence.  Plaintiff's Memorandum at 12.  Plaintiff further challenges the investigatory tools Defendants employed, including the use of an allegedly suggestive identification process, *i.e.*, a photo array conducted by the same detective involved in the investigation, *id.* at 12-20, and Defendants should have delayed arresting Plaintiff for the 70 days it took to obtain the DNA sample analysis.  *Id.* at 2, 13-14, 17-18.  In further support of summary judgment, Defendants

argue there are no genuine issues of material fact disputing that Defendants' arrest of Plaintiff was supported by probable cause, Defendants' Reply at 3-7, the § 1983 claims must be dismissed as against the Buffalo Police which does not have an identity separate from the City, *id.*, at 7-8, the claims against the City must be dismissed in the absence of any violation of Plaintiff's constitutional rights, *id.*, and the court should, in its discretion, refrain from exercising supplemental jurisdiction over Plaintiff's pendent state claims, *id.* at 8, or, alternatively, dismiss the state law claims on their merits. *Id.* at 8-10.

To be meritorious, Plaintiff's § 1983 claims are for false arrest, unlawful imprisonment, and malicious prosecution all require the absence of probable cause. *See Maye v. New York*, 517 Fed.Appx. 56, 58 (2d Cir. 2013) (holding where an arrest is supported by probable cause, there can be no cause of action for unlawful imprisonment); *Gonzalez v. City of Schenectady*, 728 F.3d 149, 155 (2d Cir. 2013) ("'The existence of probable cause to arrest constitutes justification and is a complete defense to an action for false arrest, whether that action is brought under state law or under § 1983.'" (quoting *Weyant v. Okst*, 101 F.3d 845, (2d Cir. 1996))), and *Savino v. City of New York*, 331 F.3d 63, 72 (2d Cir. 2003) ("the existence of probable cause is a complete defense to a claim of malicious prosecution. . . .").  Further, it is settled that "indictment by a grand jury creates a presumption of probable cause." *Manganiello v. City of New York*, 612 F.3d 149, 161-62 (2d Cir. 2010) (citation and internal quotation marks omitted).  The presumption of probable cause "may *only* be rebutted by evidence that the indictment was procured by 'fraud, perjury, the suppression of evidence or other police conduct undertaken in bad faith.'"  *Savino*, 331 F.3d at 72 (italics in original) (quoting *Colon v. City of New York*, 455 N.E.2d 1248 (1983)).  Here, Plaintiff has not

proffered any such evidence to rebut the presumption that the indictment of Plaintiff for the homicide was properly obtained.

Nor is a different result required by the fact that the Buffalo Police, after Plaintiff was exonerated by the DNA evidence, changed their photo array procedure to "double blind" photo arrays where photo arrays are not conducted by the same police detective involved in the investigation so as to ensure the police detective presenting the photo array to the witness does not know in which of the array's photos is the suspect depicted.  In particular, there is no evidence that the photo array shown to the three witnesses who identified Plaintiff as the suspect was unduly suggestive. Not only has Plaintiff failed to produce a copy of the photo array from which Plaintiff's picture was selected by a witness as the shooter, but Plaintiff also fails to explain how the photo array was suggestive. Significantly, there is nothing in the record indicating whether Plaintiff ever sought, in the underlying criminal proceedings, to suppress the witnesses' identification because the photo array was unduly suggestive, and "[i]n the context of unduly suggestive arrays, only a violation of the core right – the right to a fair trial – is actionable under § 1983.  *Pace v. City of Des Moines*, 201 F.3d 1050, 1055 (8th Cir. 2000) (dismissing claim for malicious prosecution based on an alleged unduly suggestive lineup identification because "[t]he jurisprudential doctrine described in *Manson v. Brathwaite*, 432 U.S. 98, 113, n. 13 (1977), against the admission of unduly suggestive lineups is only a procedural safeguard, and does not establish a constitutional right to be free of suggestive lineups."). *Compare Bermudez v. City of New York*, 790 F.3d 368, 373, 375-76 (2d Cir. 2015) (reversing district court's decision that wrongly convicted plaintiff could not establish a due process violation based on use

of an impermissibly suggestive identification procedure where such procedure was the basis for the plaintiff's eventual exoneration for the crime). Moreover, Plaintiff was not arrested based solely on his identification from the photo array, but also based on his then girlfriend's positive identification of Plaintiff in the security video, as well as based on Plaintiff's inconsistent statements given during the November 12, 2012 interrogation regarding Plaintiff's whereabouts at the time of the homicide.

Nor has Plaintiff explained why Hackbush was required to wait until the DNA and fingerprint analysis results were obtained before presenting the case to the grand jury. Significantly, as Malec explained, Malec Dep. Tr. at 59-62, that the DNA results were not a positive match for Plaintiff did not exclude Plaintiff as the suspect, who had been identified by four witnesses, but only excluded Plaintiff as the source of the DNA sample. Not only did the Individual Defendants not have any authority to request the analysis of a DNA sample be expedited, Malec Dep. Tr. at 62, but Plaintiff fails to present any evidence supporting his assertion that such a request should have been made and the court cannot conceive of any reason, especially given that Plaintiff was identified as the shooter by three eyewitnesses, his then girlfriend identified the shooter shown in the security video as Plaintiff, and Plaintiff gave inconsistent statements regarding his location at the time of the homicide. Plaintiff also presents no evidence that under the circumstances, the arresting officers' decision to arrest Plaintiff constituted bad faith.

Accordingly, the presumption of probable cause supporting the Indictment is not rebutted, and such probable cause is fatal to Plaintiff's § 1983 claims for false arrest,

false imprisonment, and malicious prosecution.  Summary judgment should be

GRANTED in favor of the Individual Defendants as to Plaintiff's § 1983 claims.

The Buffalo Police Department is merely an arm of the City of Buffalo without a

legal identity separate and apart from the City.  *Yancey v. City of Buffalo*, 2012 WL

6016890, at * 3 (W.D.N.Y. Nov. 30, 3012) (citing cases).  Accordingly, the Buffalo Police

cannot be sued.  *Id.*

Insofar as Plaintiff asserts his § 1983 claims against the City, municipalities are

treated as "persons" for § 1983 claims "where . . . the action that is alleged to be

unconstitutional implements or executes a policy statement, ordinance, regulation, or

decision officially adopted and promulgated by [the municipality's] officers.  *Monell v.

Dep't. of Social Services*, 436 U.S. 658, 690 (1978); *accord Amnesty America v. Town

of West Hartford*, 361 F.3d 113, 125 (2d Cir. 2014).  A municipality, however, may not

be held liable under § 1983 based on *respondeat superior*.  *Monell*, 436 U.S. at 694-95;

*accord Roe v. City of Waterbury*, 542 F.3d 31, 36 (2d Cir. 2008), *cert. denied*, 558 U.S.

933 (2009).  Rather, "[t]o hold a city liable under § 1983 for the unconstitutional actions

of its employees, a plaintiff is required to plead and prove three elements: (1) an official

policy or custom that (2) causes the plaintiff to be subjected to (2) a denial of a

constitutional right."  *Wray v. City of New York*, 490 F.3d 189, 195 (2d Cir. 2007)

(internal citation, quotation marks, and alterations omitted).  As such, the plaintiff must

"demonstrate that, through its deliberate conduct, the municipality was the moving force

behind the alleged injury."  *Roe*, 542 F.3d at 37.  In the instant case, because Plaintiff's

§ 1983 claims against the Individual Defendants are barred by the existence of probable

cause supporting Plaintiff's arrest, imprisonment, and prosecution, Plaintiff cannot

establish the requisite denial of a constitutional right to support his § 1983 claim against the City.  Accordingly, summary judgment should be GRANTED as to Plaintiff's § 1983 claim against the City.

Finally, with regard to Plaintiff's remaining state law claims, "[i]n general, where the federal claims are dismissed before trial, the state claims should be dismissed as well."  *N.Y. Mercantile Exch. Inc. v. Intercontinental Exch., Inc.*, 497 F.3d 109, 119 (2d Cir. 2007) (internal quotation omitted).  *See also Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 n. 7 (1988) (noting where all federal claims have been dismissed under federal law, the district court has discretion whether to exercise supplemental jurisdiction over pendent state law claims, based on consideration of several factors, including "judicial economy, convenience, fairness, and comity").  Accordingly, tn the instant case, the court should refrain from exercising pendent jurisdiction over the state law claims.  Defendants' motion should be GRANTED with regard to the state law claims.

## <u>CONCLUSION</u>

Based on the foregoing, Defendants' motion (Dkt. 19), should be GRANTED;

Plaintiff's motion is DENIED.  The Clerk of the Court should be  directed to close the file.

Respectfully submitted, as to Defendants' motion for summary judgment,

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:      October 11, 2016
            Buffalo, New York

**ORDERED** that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this Report and Recommendation in accordance with the above statute, Rules 72(b), 6(a) and 6(d) of the Federal Rules of Civil Procedure and Local Rule 72.3.

**<ins>Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.</ins>** *Thomas v. Arn,* 474 U.S. 140 (1985); *Small v. Secretary of Health and Human Services,* 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Limited,* 838 F.2d 55 (2d Cir. 1988).

Let the Clerk send a copy of this Report and Recommendation to the attorneys for the Plaintiff and the Defendants.

SO ORDERED.

/s/ *Leslie G. Foschio*
_____

LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:       October 11, 2016
              Buffalo, New York